### Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 9383.   Dec. 19, 1957.]

HAROLD KLEIN, Appellant, v. COPLEY CROSS, Respondent.

Denison, Dietrich & Anderson for Appellant.

Dryden, Harrington, Horgan & Swartz for Respondent.

SWAIN, J.—The plaintiff appeals from a judgment in his favor in the sum of $139.61. He claims that the judgment should have been for $1,564.81. We agree with him.

■ Appellant sued as the assignee of the trustees of the Los Angeles Hotel-Restaurant Employer-Union Welfare Fund, a trust established by a contract under which the respondent, a restaurant owner, was bound to pay into the fund for health, welfare and retirement benefits of his employees, eight cents per hour "for each hour worked" by his employees "or paid for." Appellant claims that respondent was required to pay the eight cents per hour for each of his employees whether union or nonunion. Respondent claims, and the court held, that he was required to pay the eight cents per hour for his union employees only. There is no dispute that the judgment should be for $1,564.81 if appellant's contentions are correct. The only question before the court is the proper interpretation of the contract, the essential language of which is quoted above.

The Los Angeles Local Joint Executive Board of Culinary Workers and Bartenders, a party to the contract pursuant to which the fund was established, was the bargaining agent for all of respondent's employees, union and nonunion. The wage scale, established by its bargaining, applied to both classes alike. Neither the portion of the contract quoted above nor any other part thereof makes any distinction, as to payments into the fund, between the two classes of employees.

There is no merit to respondent's contention that he is not required to make these payments based on time worked by nonunion employees for the reason that the latter are temporary and will not qualify for benefits from the fund. Some union employees may not work long enough to become eligible for benefits but the respondent must make payments into the fund for the time they work. Nonunion employees may join the union and work long enough thereafter to become eligible for benefits. When an employee begins his period of employment there is no way of telling whether he will ever become eligible for benefits. The employer's obligation to pay is measured by the hours worked, not by the benefits an employee may receive.

The judgment is reversed with instructions to render judgment for the plaintiff in the principal sum of $1,564.81 with interest thereon from June 26, 1956, plus an additional sum for reasonable attorney fees.

Bishop, P. J., and Kauffman, J., concurred.